MEMORANDUM **
Plaintiff Tony Bonney (“Bonney”) brought this action under 42 U.S.C. § 1983 against Defendants John VanDaveer (“VanDaveer”), Jean Pentecost (“Pentecost”), and Butte Silver Bow County *357 (“BSBC”) (collectively, “Defendants”), alleging violation of his constitutional right to due process. Pentecost and VanDaveer discovered Bonney using BSBC equipment for personal use and confronted him on the spot; he acknowledged the violation of work rules and was terminated the following day. Bonney’s union pursued a grievance on his behalf and an arbitrator agreed that Bonney had violated the rules but found that termination was too harsh a penalty and ordered a sixty-day suspension instead. Bonny was reinstated to his position with back pay, less the amount of wages for the suspension period.
The district court granted summary judgment in favor of Defendants, and Bon-ney timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Bonney’s § 1983 claim alleges that he was deprived of his constitutionally-protected right to continued employment without due process. See Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir.2009). However, Bonney received all the pre-termination process to which he was due for the temporary suspension he received. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). When confronted by his superiors, Bonney acknowledged that he was caught and indicated that he was willing to “take his lumps,” thus, Bonney clearly understood that he could be disciplined. VanDaveer specifically asked Bonney what he was doing, whether the jackhammer he was using belonged to BSBC, and whether Bonney had permission to use it at his home. Bonney admitted that he was using the BSBC equipment without permission and acknowledged that he knew it was wrong. The following day, the Defendants provided Bonney with a termination letter, which detailed again the rules that Bonney had violated. The termination was later set aside.
We need not decide whether, had he been terminated permanently, the pre-ter-mination procedures would have been sufficient under Matthews v. Harney County, Or., Sch. Dist. No. 4, 819 F.2d 889 (9th Cir.1987). We hold that the Defendants provided Bonney with sufficient pre-termi-nation due process as required by Louder-mill and Matthews. We also consider the post-termination remedies which were available and utilized by Bonney in assessing the validity of the claimed constitutional violation. Loudermill, 470 U.S. at 547-48, 105 S.Ct. 1487. We are satisfied there was no constitutional violation sufficient to sustain a civil rights claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.